**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

BENIDT INVESTMENTS/SLINGER, LLC, a
Wisconsin limited liability company,

       Plaintiff,

v.

CHAD SCOTT ZAKIN, an individual, KARMA
OF PALM BEACH, INC., a Florida corporation,
AUTO WHOLESALE OF BOCA LLC, a
Florida limited liability company, and U.S.
BANK NATIONAL ASSOCIATION, a national
banking association,

       Defendants.

_____/

## COMPLAINT

Plaintiff, BENIDT INVESTMENTS/SLINGER, LLC ("Benidt Investments" or

"Plaintiff"), by and through its undersigned counsel, hereby sues Defendants, CHAD SCOTT

ZAKIN ("Zakin"), an individual; KARMA OF PALM BEACH, INC. ("Karma Palm Beach"), a

Florida corporation; AUTO WHOLESALE OF BOCA LLC ("Auto Wholesale of Boca"), a

Florida limited liability company; and U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank"),

a national banking association,[1] and states as follows:

## PARTIES

1.      Benidt Investments is a Wisconsin limited liability company with a registered

business address of P.O. Box 1, Dousman, Wisconsin 53118, and its sole member Glenn H. Benidt

("Mr. Benidt") is a citizen of the State of Wisconsin. Accordingly, Benidt Investments is a citizen

of the State of Wisconsin.

---

[1] Zakin, Karma Palm Beach, Auto Wholesale of Boca, and U.S. Bank are collectively, "Defendants."

2.      Upon information and belief, Defendant Zakin is an individual who is *sui juris,* resides in Palm Beach County, Florida, and is a citizen of the State of Florida.

3.      Upon information and belief, Defendant Karma Palm Beach is a Florida corporation that maintains its principal place of business at 1001 Clint Moore Road, Suite 103, Boca Raton, Florida 33487.

4.      Upon information and belief, Defendant Auto Wholesale of Boca is a Florida limited liability company with a registered business address of 6560 West Rogers Circle, Suite B27, Boca Raton Florida, and its three members (Moshe Farache, Lisa Farache, and Chase Farache) are all citizens of the State of Florida. Accordingly, Auto Wholesale of Boca is a citizen of the State of Florida.

5.      Upon information and belief, Defendant U.S. Bank is a national banking association that is registered to do business in Florida, whose main office is in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida, West Palm Beach Division.

## GENERAL ALLEGATIONS

### Zakin Entrusts Karma Palm Beach with the Green Lamborghini

8.      Karma Palm Beach d/b/a Excell Auto Group, Inc. is an automobile dealer that markets and sells high-end luxury and exotic cars at a physical dealership in Boca Raton, Florida

and through internet advertising.

9.      On or about January 11, 2022, Zakin owned and held title to a green 2018 Lamborghini Huracan Performante Spyder, VIN ZHWUS4ZF5JLA10303 ("Green Lamborghini"), estimated to be valued in excess of $300,000, and entrusted Karma Palm Beach with its possession, and two keys, to market the vehicle for sale or trade to the public.

10.     By entrusting the Green Lamborghini to Karma Palm Beach, Zakin had first-hand knowledge that Karma Palm Beach possessed the vehicle and was offering it for sale or trade to the public.

**Plaintiff Purchases the Green Lamborghini from Karma Palm Beach**

11.     Prior to March 11, 2022, Plaintiff owned and held title to a silver 2020 Lamborghini Huracan Evo Spyder, VIN ZHWUT4ZF1LLA14316 ("Silver Lamborghini"), estimated to be valued in excess of $300,000.

12.     Plaintiff was interested in acquiring a specific model of Lamborghini and found an internet advertisement from Karma Palm Beach for the Green Lamborghini at a sale price of $369,900.

13.     Plaintiff contacted Karma Palm Beach about the Green Lamborghini and hired an independent inspector to examine its condition in Boca Raton, Florida prior to purchase.

14.     Karma represented to Plaintiff that it had the full and unequivocal authority to sell the Green Lamborghini to Plaintiff without any cloud of title or any lien on the vehicle.

15.     In reliance on Karma Palm Beach's representations, on March 11, 2022, Plaintiff purchased the Green Lamborghini from Karma Palm Beach in exchange for Plaintiff's Silver Lamborghini (which received a trade-in credit of $330,000) and an additional $30,000 payment. *See* March 11, 2022 Purchase Agreement ("Purchase Agreement"), a copy is attached hereto as **Exhibit A**.

3

16.     On or about March 21, 2022, Plaintiff delivered via wire transfer, and Karma Palm Beach received, the remaining $30,000 payment to complete Plaintiff's purchase of the Green Lamborghini.

17.     On or about that same day, Plaintiff endorsed and delivered the original Wisconsin Certificate of Title for the Silver Lamborghini to Karma Palm Beach. *See* Wisconsin Certificate of Title, a copy is attached hereto as **Exhibit B**.

18.     Thereafter, on or about March 24, 2022, Plaintiff took delivery of the Green Lamborghini in Oconomowoc, Wisconsin and relinquished the Silver Lamborghini, along with an endorsed Wisconsin Certificate of Title, to Karma Palm Beach's delivery agent.

19.     Plaintiff purchased the Green Lamborghini in good faith from Karma Palm Beach without knowledge of any interest of Zakin or any other entity.

### Zakin Tries to Unlawfully Repossess the Green Lamborghini

20.     Plaintiff enjoyed use of the Green Lamborghini without incident until April 9, 2022, when a repossession agent, purportedly hired by Zakin, appeared unannounced at Mr. Benidt's Wisconsin home to take the Green Lamborghini.

21.     Mr. Benidt denied the repossession agent from taking the Green Lamborghini and instructed the repossession agent to leave his property.

22.     As of the date of filing, the Green Lamborghini remains at Mr. Benidt's Wisconsin home.

23.     Zakin has claimed to be the true owner of the Green Lamborghini and insists that Karma Palm Beach did not have the authority to sell the Green Lamborghini to Plaintiff, notwithstanding Karma Palm Beach's representations to Plaintiff.

**Karma Palm Beach Transfers Title to the Silver Lamborghini to Auto Wholesale Group**

24.    After taking possession of the Silver Lamborghini, upon information and belief, Karma Palm Beach transferred its possession and title to Auto Wholesale Group.

25.    Upon information and belief, Karma Palm Beach transferred the Silver Lamborghini knowing that it did not intend to pay Zakin for the sale of the Green Lamborghini.

26.    Auto Wholesale Group knew, or should have known, that Karma Palm Beach transferred possession of the Silver Lamborghini to avoid repossession of the Silver Lamborghini or to avoid adverse claims to the Silver Lamborghini.

27.    Upon information and belief, Auto Wholesale Group currently has possession of the Silver Lamborghini and is actively marketing it for sale to the public.

28.    Plaintiff has retained the undersigned counsel to represent it in this action, has promised to pay them a reasonable fee for professional services rendered plus reimbursement of costs incurred.

29.    All conditions precedent to the institution of this action have been performed, waived, or excused.

**CAUSES OF ACTION**

**COUNT I**
**DECLARATORY RELIEF (28 U.S.C. § 2201, Fla. Stat. § 672.403(2))**
**(Re: Green Lamborghini)**
**(against Zakin and U.S. Bank)**

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth herein, and states:

30.    This claim is brought under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act.

31.    There is a *bona fide* dispute and actual controversy between Plaintiff, Zakin, and U.S. Bank concerning ownership, interest, and lawful title to the Green Lamborghini.

32.     At the time that Zakin entrusted Karma Palm Beach with the Green Lamborghini, Karma Palm Beach dealt in the marketing and sale of high-end luxury and exotic vehicles, including Lamborghinis similar to the Green Lamborghini.

33.     At the time Zakin entrusted Karma Palm Beach with the Green Lamborghini, Karma Palm Beach held itself out to the public as a dealer of high-end luxury and exotic vehicles, including Lamborghinis similar to the Green Lamborghini.

34.     Plaintiff was a buyer in the ordinary course of business that purchased the Green Lamborghini in good faith from Karma Palm Beach without knowledge of any interest of Zakin or any other entity.

35.     Plaintiff fully performed under the Purchase Agreement by delivering to Karma Palm Beach the Silver Lamborghini, an endorsed Certificate of Title, and an additional $30,000 payment.

36.     With the sole exception of processing a Certificate of Title to Plaintiff for the Green Lamborghini, Karma Palm Beach fully performed under the Purchase Agreement by delivering the Green Lamborghini to Plaintiff in Wisconsin.

37.     Section 672.403(2), Florida Statutes, provides: "Any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant power to transfer all rights of the entruster to a buyer in the ordinary course of business."

38.     Plaintiff is therefore entitled to a judicial declaration that Karma Palm Beach was empowered, pursuant to Section 672.403(2), Florida Statutes, to transfer all rights (including Zakin's rights, if any) in and to the Green Lamborghini to Plaintiff pursuant to the terms of the Purchase Agreement.

39.     Nonetheless, Zakin claims that Karma Palm Beach had no authority to sell the Green Lamborghini to Plaintiff, that he is the lawful owner, and is entitled to possession.

40.     Further, U.S. Bank maintains a lien on the Green Lamborghini.

41.     As a result of Zakin's ownership claim and U.S. Bank's lien, Plaintiff is in significant doubt as to its ownership and title rights for the Green Lamborghini.

42.     Plaintiff is not seeking mere legal advice and this dispute presents an important, time-sensitive, and justiciable controversy in need of prompt resolution.

43.     Upon information and belief, all persons and entities with an adverse and antagonistic interest are before this Court.

**WHEREFORE**, Plaintiff respectfully seeks a) a declaration from this Court that Karma Palm Beach was empowered, pursuant to Section 672.403(2), Florida Statutes, to transfer all rights (including Zakin's rights, if any) in and to the Green Lamborghini to Plaintiff pursuant to the terms of the Purchase Agreement; Plaintiff is the lawful owner of the Green Lamborghini; and Zakin and U.S. Bank have no further interest in the Green Lamborghini; b) an order directing the Wisconsin Department of Motor Vehicles to issue a Certificate of Title to Plaintiff identifying Plaintiff as the lawful owner of the Green Lamborghini; c) an award of its attorneys' fees, costs, and interest; and d) any further relief this Court deems just and proper.

## COUNT II
### QUIET TITLE ACTION
### (Re: Green Lamborghini)
### (against Zakin and U.S. Bank)

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth here, and states:

44.     Plaintiff seeks to quiet title to the Green Lamborghini, the personal property rightfully belonging to Plaintiff.

45.     The description of the personal property that is the subject of this claim is a green 2018 Lamborghini Huracan Performante Spyder, VIN ZHWUS4ZF5JLA10303, otherwise known as the Green Lamborghini, along with its title, manuals, keys, and documentation.

46.     As a buyer in the ordinary course of business without knowledge of Zakin's purported claim or ownership, Plaintiff is the rightful owner of the Green Lamborghini pursuant to the Purchase Agreement which required Plaintiff to exchange the Silver Lamborghini and pay an additional $30,000 for the Green Lamborghini.

47.     Zakin and U.S. Bank have no valid interest in the Green Lamborghini and have prevented Plaintiff from obtaining clear title to the Green Lamborghini.

48.     Plaintiff lacks an adequate remedy at law to obtain clear title to the Green Lamborghini and therefore seeks an order quieting title in the Green Lamborghini in favor of Plaintiff against Zakin and U.S. Bank.

**WHEREFORE**, Plaintiff respectfully requests a judgment quieting title to the Green Lamborghini in favor of Plaintiff and against Zakin and U.S. Bank; all attorneys' fees and  costs, and interest; and grant such other relief as the Court deems just and proper.

## COUNT III
### RESCISSION
### (against Karma Palm Beach)

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth here, and states:

49.     In the alternative, Plaintiff seeks rescission of the Purchase Agreement in order to maintain the *status quo* and place Plaintiff and Karma Palm Beach in the position before they contracted for the sale and purchase of the Green Lamborghini.

50.     Plaintiff and Karma Palm Beach are in privity of contract after entering into the Purchase Agreement for the sale and purchase of the Green Lamborghini.

51.     Karma Palm Beach falsely represented to Plaintiff that the Green Lamborghini was available for sale and that it had clear title to the Green Lamborghini.

52.     Karma Palm Beach agreed to sell the Green Lamborghini to Plaintiff in exchange for Plaintiff's Silver Lamborghini, plus an additional $30,000, all while knowing that the Green Lamborghini was not for sale and/or that it did not have clear title the Green Lamborghini.

53.     On May 18, 2022, Plaintiff timely notified Karma Palm Beach of its intent to rescind the Purchase Agreement by offering to return the Green Lamborghini in exchange for the Silver Lamborghini and Plaintiff's $30,000 wire transfer payment.

54.     On that same day, Karma Palm Beach rejected Plaintiff's demand for rescission and denied Plaintiff's request to rescind the Purchase Agreement.

55.     Although Plaintiff has offered to restore any benefits it received under the Purchase Agreement to Karma Palm Beach, Karma Palm Beach has since refused to return the Silver Lamborghini, leaving Plaintiff without an adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests a judgment ordering rescission of the Purchase Agreement executed by Plaintiff and Karma Palm Beach, allowing Plaintiff to recover the Silver Lamborghini and wire payment of $30,000; all attorneys' fees, costs, and interest; and grant such other relief as the Court deems just and proper.

<u>COUNT IV</u>
**DECLARATORY RELIEF (28 U.S.C. § 2201)**
**(Re: Silver Lamborghini)**
**(against Karma Palm Beach and Auto Wholesale Group)**

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth herein, and states:

56.     In the alternative, Plaintiff brings this claim under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act to resolve a *bona fide* dispute and actual controversy between Plaintiff, Karma Palm Beach, and Auto Wholesale Group concerning ownership and lawful title to the Silver Lamborghini.

57.     At the time that Zakin entrusted Karma Palm Beach with the Green Lamborghini, Karma Palm Beach dealt in the marketing and sale of high-end luxury and exotic vehicles, including Lamborghinis similar to the Green Lamborghini.

58.     At the time Zakin entrusted Karma Palm Beach with the Green Lamborghini, Karma Palm Beach held itself out to the public as a dealer of high-end luxury and exotic vehicles, including Lamborghinis similar to the Green Lamborghini.

59.     Plaintiff was a buyer in the ordinary course of business that purchased the Green Lamborghini in good faith from Karma Palm Beach without knowledge of any interest of Zakin or any other entity.

60.     Plaintiff fully performed under the Purchase Agreement by delivering to Karma Palm Beach the Silver Lamborghini, an endorsed Certificate of Title, and an additional $30,000 payment.

61.     Karma Palm Beach represented to Plaintiff that the Green Lamborghini was available for sale and that it had clear title to the Green Lamborghini.

62.     Karma Palm Beach agreed to sell the Green Lamborghini to Plaintiff in exchange for Plaintiff's Silver Lamborghini, plus an additional $30,000, all while knowing that it did not intend to reimburse Zakin for the purchase of the Green Lamborghini.

63.     With the sole exception of processing a Certificate of Title to Plaintiff for the Green Lamborghini, Karma Palm Beach fully performed under the Purchase Agreement by delivering the Green Lamborghini to Plaintiff in Wisconsin.

64.     Since Zakin alleges that Karma Palm Beach had no authority to sell the Green Lamborghini to Plaintiff, Plaintiff remains in doubt of its rights to the Green Lamborghini and the Silver Lamborghini, which is currently in the possession of Auto Wholesale Group.

65.     Zakin has threatened Plaintiff with legal action to recover the Green Lamborghini from Plaintiff.

66.     Consequently, in the alternative, Plaintiff is requesting to rescind its Purchase Agreement with Karma Palm Beach and return title of the Silver Lamborghini to Plaintiff.

67.     Plaintiff is not seeking mere legal advice and this dispute presents an important, time-sensitive, and justiciable controversy in need of prompt resolution.

68.     Upon information and belief, all persons and entities with an adverse and antagonistic interest are before this Court.

69.     Accordingly, Plaintiff seeks a declaration that Plaintiff is the lawful owner of the Silver Lamborghini, declaring that Karma Palm Beach and/or Auto Wholesale Group have no interest in the Silver Lamborghini.

**WHEREFORE**, Plaintiff respectfully seeks a) a declaration from this Court that Plaintiff is the lawful owner of the Silver Lamborghini; b) a declaration from this Court that Karma Palm Beach and/or Auto Wholesale Group have no further interest in the Silver Lamborghini; c) an award of its attorneys' fees and costs; and d) any further relief this Court deems just and proper.

**COUNT V**
**QUIET TITLE ACTION**
**(Re: Silver Lamborghini)**
**(against Karma Palm Beach and Auto Wholesale Group)**

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth here, and states:

70.     In the alternative, Plaintiff seeks to quiet title to the Silver Lamborghini, the personal property rightfully belonging to Plaintiff.

71.     The description of the personal property that is the subject of this claim is a 2020 Lamborghini Huracan Evo Spyder, VIN ZHWUT4ZF1LLA14316, otherwise known as the Silver Lamborghini, along with its title, manuals, keys, and documentation.

72.     Plaintiff was the rightful owner of the Silver Lamborghini before entering into the Purchase Agreement, which required Plaintiff to exchange the Silver Lamborghini and pay an additional $30,000 for the Green Lamborghini.

73.     Zakin has alleged that Karma Palm Beach did not have the authority to sell the Green Lamborghini for the Silver Lamborghini, and alleges that title of the Green Lamborghini cannot legally pass to Plaintiff.

74.     As a result, in the alternative, Plaintiff seeks rescission of the Purchase Agreement and a return of the Silver Lamborghini.

75.     If the Purchase Agreement is rescinded, Plaintiff is entitled to a return of the Silver Lamborghini and title to the Silver Lamborghini.

76.     Upon information and belief, Karma Palm Beach transferred title to the Silver Lamborghini to avoid repossession of the Silver Lamborghini based on potential challenges to the transfer of the Green Lamborghini.

77.     Plaintiff lacks an adequate remedy at law to obtain clear title to the Silver Lamborghini and therefore seeks an order quieting title in the Green Lamborghini in favor of Plaintiff against Defendants.

**WHEREFORE**, Plaintiff respectfully requests a judgment quieting title to the Silver Lamborghini in favor of Plaintiff and against Defendants; all attorneys' fees, costs, and interest; and grant such other relief as the Court deems just and proper.

<u>**COUNT VI**</u>
**PERMANENT AND TEMPORARY INJUNCTIVE RELIEF**
**(Re: Silver Lamborghini)**
**(against Karma Palm Beach and Auto Wholesale Group)**

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth here, and states:

78.     Plaintiff seeks to recover the Silver Lamborghini, the personal property rightfully belonging to Plaintiff.

79.     The description of the personal property that is the subject of this claim is a silver 2020 Lamborghini Huracan Evo Spyder, VIN ZHWUT4ZF1LLA14316, otherwise known as the Silver Lamborghini, along with the title, manuals, keys, and documentation.

80.     Karma Palm Beach and/or Auto Wholesale Group may not have a valid interest in the Silver Lamborghini because Karma Palm Beach may have unlawfully and improperly sold the Green Lamborghini to Plaintiff and accepted Plaintiff's Silver Lamborghini and an additional $30,000 to complete the sale.

81.     Plaintiff requests that the Court enjoin Karma Palm Beach and Auto Wholesale Group from selling or otherwise alienating or transferring title of the Silver Lamborghini to any other person or entity until resolution of title can be obtained in this proceeding.

82.     There is a substantial likelihood that Plaintiff will succeed on the merits of its rescission claim against Karma Palm Beach, rescinding the Purchase Agreement and placing Plaintiff and Karma Palm Beach in their positions prior to entering into any contract.

83.     Plaintiff will suffer irreparable injury if immediate relief is not granted because, upon information and belief, Auto Wholesale Group continues to possess and actively market the Silver Lamborghini for sale to the public.

84.     Plaintiff's threatened injury outweighs any harm to Karma Palm Beach and/or Auto Wholesale Group because Plaintiff may not be able to recover the Silver Lamborghini if sold to another purchaser.

85.     To date, Karma Palm Beach and/or Auto Wholesale Group have failed to return the Silver Lamborghini to Plaintiff.

86.     Plaintiff is without an adequate remedy at law for Karma Palm Beach and/or Auto Wholesale Group's failure to return the Silver Lamborghini to Plaintiff.

87.     The public interest is served by compelling Karma Palm Beach and/or Auto Wholesale Group to respect Plaintiff's ownership rights in the Silver Lamborghini.

**WHEREFORE**, Plaintiff respectfully seeks an order: a) requiring Karma Palm Beach and/or Auto Wholesale Group to deliver the Silver Lamborghini as well as all documents necessary to establish Plaintiff's ownership of the Silver Lamborghini plus delivery of all related personal property for the Silver Lamborghini including, but not limited to, all keys, manuals, warranties and other documentation; b) requiring Karma Palm Beach and/or Auto Wholesale Group to return the Silver Lamborghini to this jurisdiction if the Silver Lamborghini is located outside of Palm Beach County, Florida; c) prohibiting Karma Palm Beach and/or Auto Wholesale Group from selling, transferring, marketing, alienating, or delivering the Silver Lamborghini or title to the Silver Lamborghini to any person or entity, or any other location, other than to Plaintiff; d) awarding all attorneys' fees, costs, and interest; and e) grant such other relief as the Court deems just and proper.

**COUNT VII**
**REPLEVIN**
**(Re: Silver Lamborghini)**
**(against Auto Wholesale Group)**

Plaintiff re-alleges and incorporates by reference each allegation in the preceding paragraphs 1 through 29 as if fully set forth here.

88.      In the alternative, Plaintiff brings this claim to recover possession of the Silver Lamborghini which, upon information and belief, is located in Palm Beach County, Florida, and subject to the jurisdiction of this Court.

89.     The description of the personal property that is the subject of this claim is a silver 2020 Lamborghini Huracan Evo Spyder, VIN ZHWUT4ZF1LLA14316, otherwise known as the

14

Silver Lamborghini, along with the title, manuals, keys, and documentation.

90.     Upon information and belief, Auto Wholesale Group is currently in possession of the Silver Lamborghini after unlawfully receiving title and possession from Karma Palm Beach.

91.     The value of the Silver Lamborghini is estimated to be $340,000.

92.     Plaintiff is entitled to possession of the Silver Lamborghini because it is its lawful owner.

93.     Auto Wholesale Group is wrongfully detaining in contravention of Plaintiff's ownership rights.

94.     The Silver Lamborghini has not been taken for any tax, assessment, or fine pursuant to law.

95.     The Silver Lamborghini has not been taken under an execution or attachment against property of Plaintiffs.

96.     Plaintiff is entitled to a writ of replevin requiring Auto Wholesale Group to return the wrongfully detained Silver Lamborghini to Plaintiff.

**WHEREFORE**, Plaintiff requests entry of a writ of replevin requiring Auto Wholesale Group to deliver the wrongfully detained Silver Lamborghini to Plaintiff, along with payment of $30,000, an amount representing Plaintiff's wire transfer payment for the Green Lamborghini; all attorneys' fees, costs, and interest; and grant such other relief as the Court deems just and proper.

Dated: May 20, 2022.

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.**

200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301
Phone: 954.462.9553
E-mail:  mharwin@stearnsweaver.com
        rwolis@stearnsweaver.com
Secondary Email:  mhernandez@stearnsweaver.com
        cjames@stearnsweaver.com


By:  */s/ Michael J. Harwin*
     MICHAEL J. HARWIN
     Florida Bar No. 1018578
     RYAN M. WOLIS
     Florida Bar No. 1019034

*Counsel for Plaintiff, BENIDT
INVESTMENTS/SLINGER, LLC*

# EXHIBIT A

# PURCHASE AGREEMENT



**KARMA | PALM BEACH**

1001 CLINT MOORE RD. STE 103 BOCA RATON, FL 33487
OFFICE 561.998.5557  FAX 561.998.4703



**KARMA**
BROWARD I PALM BEACH
EXCELL AUTO GROUP

SALES PERSON: OLEG KOUZNETSOV                    DATE: 3 / 11 / 2022

| | | |
|---|---|---|
| BUYER BENIDT INVESTMENTS/SLINGER, LLC | DRIVER'S LICENSE NO. | |
| E-MAIL GHBenidt@Aol.com | DATE OF BIRTH | |
| ADDRESS PO BOX 1 | CITY & STATE DOUSMAN | WI ZIP 53118 |
| CO-BUYER | DRIVER'S LICENSE NO. | |
| E-MAIL | DATE OF BIRTH | |
| ADDRESS | CITY & STATE | ZIP |
| HOME PHONE | BUSINESS PHONE | CELL PHONE (262)957-0557 |

NEW ☐  YEAR 2018  MAKE LAMBORGHINI  MODEL HURACAN  MILEAGE 4,133

USED ☒  COLOR GREEN  TRIM _____  BODY TYPE PERFORMANTE SPYDER

☐  ID NO. ZHWUS4ZF5JLA10303                STOCK NO. A10303

| TRADE-IN DESCRIPTION NO. 1   STOCK NO.   A14316 | TOTAL SELLING PRICE | $ 359,502.00 | |
|---|---|---|---|
| YEAR 2020 MAKE LAMBORGHINI  COLOR SILVER | TRADE ALLOWANCE − | 330,000.00 | |
| MODEL HURACAN EVO  BODY TYPE SPYDER AWD | DIFFERENCE = $ | 29,502.00 | |
| I.D. NO. ZHWUT4ZF1LLA14316  MILEAGE 2,100 | SERVICE FEES* + | 498 00 | |
| BALANCED OWED TO | SUB TOTAL * | 30,000.00 | |
| EST. AMT. OWED          ALLOW AMT. 330,000.00 | SALES TAX + | N/A | |
| TRADE-IN DESCRIPTION NO. 2   STOCK NO. | ESTIMATED TAG, TITLE & REG + | N/A | |
| YEAR  MAKE  COLOR | THIRD PARTY PRIVATE TAG AGENCY'S FEE + | N/A | |
| MODEL  BODY TYPE | EST. BALANCE ON TRADE + | N/A | |
| I.D. NO.  MILEAGE | TOTAL DELIVERY PRICE = $ | 30,000.00 | |
| BALANCED OWED TO | DEPOSIT NON-REFUNDABLE − ☐ CAR IN STOCK  BUYER ☐ SPECIAL ORDER | N/A | |
| EST. AMT. OWED  ALLOW AMT. | EXTENDED WARRANTY (taxable) + | N/A | |
| TRADE-IN DESCRIPTION NO. 3   STOCK NO. | *BALANCE DUE ON DELIVERY = $ | 30,000.00 | |
| YEAR  MAKE  COLOR | AMOUNT FINANCED = $ | | |
| MODEL  BODY TYPE | LIENHOLDER: NONE | | |
| I.D NO.  MILEAGE | | | |
| BALANCED OWED TO | | | |
| EST. AMT. OWED  ALLOW AMT. | | | |

*Service Fee: This charge represents costs and profit to the seller/dealer for items such as inspecting, cleaning and adjusting new and used vehicles and preparing documents related to the sale. Also included is a full tank of gas.

**PLEASE NOTE:**
ALL CHECKS ARE MADE PAYABLE TO: KARMA PALM BEACH
Payment on delivery must be cash, cashiers check or money order.
CURRENT DRIVER'S LICENSE MUST BE PROVIDED BEFORE DELIVERY.
CURRENT INSURANCE MUST BE PROVIDED BEFORE DELIVERY.
Vehicle cannot be delivered without current Driver's License and Insurance.
BALANCE OWED ON TRADE IS AN ESTIMATE. The Buyer is responsible for the difference.

ESTIMATED DATE OF DELIVERY TO CUSTOMER: 3 / 11 / 2022

If this agreement and acceptance is contingent upon the arrangement of financing, then this agreement is not accepted and the transaction is not consummated until (a) approval is in writing from the Dealer and the responsible Bank or Finance Company; (b) all disclosures required by the Federal Consumer Credit Protection Act (Truth in Lending Act) have been given and (c) purchaser(s) and Dealer have signed an Installment Sales Contract. By signing below, purchaser(s) acknowledge that they have read both sides of this agreement to purchase and hereby accept its terms and conditions.

Buyer Signature _____  Date 03/11/2022

Co-Buyer Signature _____  Date

Accepted By: _____  Dealer Representative

Please read additional terms and conditions on reverse side, before signing.

352065_07/07/21 MMP

1

# EXHIBIT B

# WISCONSIN CERTIFICATE OF TITLE

| Vehicle Identification Number | | Year | Make |
|---|---|---|---|
| ZHWUT4ZF1LLA14316 | | 2020 | LAMBORGHINI |

| Title Number | Issue Date | Chassis Type | Odometer Reading | Odometer Status | Odometer Date |
|---|---|---|---|---|---|
| 21155Q7016-7 | 06/04/2021 | AUTO | 480 | ACTUAL | 04/16/2021 |

| Product Number | Body Style | Color | Fleet No. |
|---|---|---|---|
| 81563211558 | CONVERTIBLE | SILVER/ALUMINUM | |

**Titled Owner(s)**
BENIDT INVESTMENTS SLINGER LLC
W350S2505 WATERVILLE RD
OCONOMOWOC, WI 53066-8730

The person, firm or corporation named on this Title is the lawful owner of the vehicle described, subject to any Security Interest (liens) shown. The order in which the Lien Holders appear on this Title does not necessarily represent their priority. The Wisconsin Department of Transportation will not be responsible for false or fraudulent odometer statements made in the assignment of the Certificate of Title or for errors in reporting mileage, brand disclosures or the history of the vehicle. The department has no actual knowledge about the history of the vehicle and makes no warranty that the title brands or mileage disclosures on prior titles have been carried forward onto this document.                                                                                              ZHWUT4ZF1LLA14316

**Lien Holder(s)**    NONE.

**Additional Vehicle Detail**
PREVIOUSLY TITLED BY: TX

**SELLER:** When the vehicle is sold, complete the ASSIGNMENT OF CERTIFICATE OF TITLE on the top back of this title and deliver the title to the purchaser with the vehicle.  You may wish to retain a copy of this title with the purchaser's information and signature as proof of sale for your records.

**PURCHASER:** Apply for a new title with the Wisconsin Division of Motor Vehicles immediately.  To legally operate this vehicle, you are required to register it with the Division of Motor Vehicles.

**QUESTIONS:**
Contact the Division of Motor Vehicles at
414-266-1000, 608-264-7447
wisconsindmv.gov

MAIL ADDRESS:
Wisconsin Department of Transportation
PO Box 7949, Madison, WI 53707-7949
084

19 - 1 - 7738018

KEEP IN SAFE PLACE                    DO NOT KEEP IN VEHICLE

# ASSIGNMENT OF CERTIFICATE OF TITLE

2/2018

The seller is required to state the mileage and provide written vehicle disclosure in connection with the transfer of ownership. Failure to complete a mileage statement or providing a false mileage statement, disclose required information, or providing a false statement may result in fines and/or imprisonment and may make you liable for damages to the purchaser. See Federal 49 USC and Ch. 342 Wisconsin laws.

I, the seller, certify that to the best of my knowledge the information contained on this document is true and correct and that I have entered the vehicle odometer reading, brand disclosure, and selling price in compliance with federal and state law as referenced above. For value received, I sell, assign or transfer the vehicle described on this document and warrant title to purchaser.

**1.**

**ODOMETER NOW READS** (No Tenths):
and to the best of my knowledge is
actual mileage of this vehicle unless one of the following statements is checked.

| | | | | | | | ☐ | ☐ The odometer reading reflects the amount of mileage in excess of its mechanical limit. | ☐ The odometer reading is NOT actual mileage. WARNING ODOMETER DISCREPANCY |

**BRAND DISCLOSURE** (will be printed on future titles) Check all that apply:

☐ Salvage vehicle   ☐ Flood damaged   ☐ Hail damaged   ☐ Previous police vehicle   ☐ Previous taxicab

Print Purchaser Name                                    Print Seller Name
BENIOT INVESTMENTS SUBURBAN LLC

Print Purchaser Address, City, State, ZIP Code          Print Seller Address, City, State, ZIP Code
W303 S2010 WAPTONSVILLE ROAD  OconOmOwOc, WI, 53066

Signature of Purchaser                                  Signature of Seller(s) – See below
X                                                       X BENIOT INVESTMENTS SUBURBAN, LLC
X                                        Date           X Glenn N. Beniot                    Date  3-21-2022

Selling Price

Seller(s) – If joint ownership, with "or", only one seller's signature is required; with "and", all sellers' signatures are required.

## Sections 2–3 For Dealer Use Only
Dealer: Photocopy front and back for your records – Federal  49 CFR 580.8

**2.**

Print Consigning Auction Dealer Name or Consigning Salvage Pool (if applicable)    Auction or Salvage Pool Dealer Number                Sale Date

**ODOMETER NOW READS** (No Tenths):
and to the best of my knowledge is
actual mileage of this vehicle unless one of the following statements is checked.

| | | | | | | | ☐ | ☐ The odometer reading reflects the amount of mileage in excess of its mechanical limit. | ☐ The odometer reading is NOT actual mileage. WARNING ODOMETER DISCREPANCY. |

**BRAND DISCLOSURE** (will be printed on future titles) Check all that apply:

☐ Salvage vehicle   ☐ Flood damaged   ☐ Hail damaged   ☐ Previous police vehicle   ☐ Previous taxicab   ☐ Manufacturer buyback

Print Purchaser Name                                    Print Selling Dealer Name

Print Purchaser Address, City, State, ZIP Code          Print Seller Address, City, State, ZIP Code

Print Name of Purchaser's Authorized Agent Signing Below    Print Name of Selling Dealer's Authorized Agent Signing Below

Signature of Purchaser's Authorized Agent               Signature of Selling Dealer's Authorized Agent
X                                        Date           X                                    Date

**3.**

Print Consigning Auction Dealer Name or Consigning Salvage Pool (if applicable)    Auction or Salvage Pool Dealer Number                Sale Date

**ODOMETER NOW READS** (No Tenths):
and to the best of my knowledge is
actual mileage of this vehicle unless one of the following statements is checked.

| | | | | | | | ☐ | ☐ The odometer reading reflects the amount of mileage in excess of its mechanical limit. | ☐ The odometer reading is NOT actual mileage. WARNING ODOMETER DISCREPANCY. |

**BRAND DISCLOSURE** (will be printed on future titles) Check all that apply:

☐ Salvage vehicle   ☐ Flood damaged   ☐ Hail damaged   ☐ Previous police vehicle   ☐ Previous taxicab   ☐ Manufacturer buyback

Print Purchaser Name                                    Print Selling Dealer Name

Print Purchaser Address, City, State, ZIP Code          Print Seller Address, City, State, ZIP Code

Print Name of Purchaser's Authorized Agent Signing Below    Print Name of Selling Dealer's Authorized Agent Signing Below

Signature of Purchaser's Authorized Agent               Signature of Selling Dealer's Authorized Agent
X                                        Date           X                                    Date

**NO additional dealer reassignments permitted**